| | |
|---|---|
| United States of America, | Case No. 18-cr-125 (DSD/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Ronald Lee Kontz, | |
| Defendant. | |

Nathan Hoye Nelson, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Ryan M. Pacyga, Pacyga and Associates, PA, 333 South Seventh Street, Suite 2850, Minneapolis, MN 55402 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following Motions:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2 (ECF No. 30);

2. Defendant's Pretrial Motion for Disclosure of 404 Evidence (ECF No. 17);

3. Defendant's Motion for Government Agents to Retain Rough Notes (ECF No. 19);

4. Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to Defendant (ECF No. 21);

5. Defendant's Motion for Disclosure of Grand Jury Transcripts (ECF No. 22);

6. Defendant's Motion for Early Disclosure of Jencks Act Material (ECF No. 23);

7. Defendant's Motion for Discovery (ECF No. 24);

8. Defendant's Motion for Discovery of Impeaching Information and Exculpatory Evidence (ECF No. 25);

9. Defendant's Motion for Notice of Government's Intent to Use Residual Hearsay Exception (ECF No. 26);

10. Defendant's Motion for Discovery and Inspection of Expert Witness Testimony (ECF No. 27);

11. Defendant's Motion for Leave to File Additional Pretrial Motions (ECF No. 28); and

12. Defendant's Motion for Participation by Counsel in Voir Dire (ECF No. 34).

A hearing was held on August 14, 2018. Assistant United States Attorney Nathan Hoye Nelson appeared on behalf of the United States of America (the "Government"). Attorney Ryan M. Pacyga appeared on behalf of Defendant.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF No. 30) is **GRANTED**. The motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2. At the hearing, Defendant had no objection to the Government's motion. No later than three weeks prior to trial, the parties shall make their respective expert disclosures. *See infra* ¶ 9.

2. Defendant's Pretrial Motion for Disclosure of 404 Evidence (ECF No. 17) is **GRANTED IN PART** and **DENIED IN PART**. Defendant requests that the Government "immediately disclose any 'bad act' or 'similar course of conduct' evidence

it intends to offer at trial pursuant to Rule 404 of the Federal Rules of Evidence and . . . to identify the witnesses through whom such evidence will be presented at trial." Defendant also anticipates filing a motion in limine regarding Rule 404(b) evidence and asserts that immediate disclosure of such evidence would "facilitate an orderly trial and allow [D]efendant the opportunity to timely seek exclusion of such . . . evidence."

The Government states that it is aware of its obligations under Fed. R. Evid. 404, and intends to comply fully with those obligations. (Gov't's Consolidated Resp. at 1, ECF No. 32.) As reiterated at the hearing, the Government "does not know whether it will use any such evidence at trial." (Gov't's Consolidated Resp. at 2.) The Government objects, however, to Defendant's request that notice be given immediately and to the extent Defendant seeks disclosure of "acts that are 'intrinsic' to the charged offense[s]." (Gov't's Consolidated Resp. at 1-2.) The Government initially proposed notifying Defendant of any extrinsic Rule 404(b) evidence that it intends to use no later than two weeks before trial. At the hearing, the parties agreed to disclosure three weeks prior to trial.

Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is

relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Moreover, Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

Therefore, no later than three weeks prior to trial, the Government shall provide "reasonable notice" of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Fed. R. Evid. 404(b), but need not identify the witnesses through whom it will present any such evidence. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.

3. Defendant's Motion for Government Agents to Retain Rough Notes (ECF No. 19) is **GRANTED**. Defendant requests "an order requiring any law enforcement agent . . . to retain and preserve all rough notes taken as part of their investigation, whether or not the contents of such rough notes are incorporated into official records." The Government has no objection to the retention of rough notes. (Gov't's Consolidated

Resp. at 3.) To the extent it has not already done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter.

4. Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to Defendant (ECF No. 21) and Motion for Discovery of Impeaching Information and Exculpatory Evidence (ECF No. 25) are **GRANTED IN PART** and **DENIED IN PART**. Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963); *Miller v. Pate*, 386 U.S. 1 (1967); *Giles v. Maryland*, 386 U.S. 66 (1967); *Giglio v. United States*, 405 U.S. 150 (1972); *Moore v. Illinois*, 408 U.S. 786 (1972); and their progeny. Defendant also seeks information regarding Government witnesses, both testifying and non-testifying.

The Government acknowledges its obligations under *Brady*, *Giglio*, and their progeny and objects to Defendant's motion to the extent the materials sought go beyond the requirements of these authorities.

"The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The

5

Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *Polk*, 715 F.3d at 249 (quotation omitted); *see Hamilton*, 452 F.2d at 479 ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. March 9, 2006) ("The statements of a non-witness are not discoverable."). To the extent that Defendant seeks the statements of testifying witnesses, the production of any such statements fall within the purview of the Jencks Act, which the Government has agreed to produce no later than three days prior to trial. *See infra* ¶ 6.

Defendant's motions are granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act materials. To the extent that Defendant's motions seek discovery and disclosures outside the Government's obligations under these authorities or seek materials that have already been produced,

they are denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery."). To the extent Defendant seeks the statements of non-testifying witnesses, such requests are denied. *Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

5. Defendant's Motion for Disclosure of Grand Jury Transcripts (ECF No. 22) is **GRANTED IN PART** and **DENIED IN PART**. Defendant seeks the identification of individuals testifying before the grand jury as well as the minutes and transcripts of any grand jury proceedings. The Government responds that it will disclose grand jury testimony to the extent required by the Jencks Act; Federal Rules of Criminal Procedure 12(h) and 26.2; and *Brady*, *Giglio*, and their progeny but otherwise objects to Defendant's request because Defendant has "fail[ed] to show any 'particularized need' for such materials." (Gov't's Consolidated Resp. at 4.)

"It has long been recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. This principle is reflected in Rule 6(e) which establishes a general rule of confidentiality for all matters occurring before the grand jury." *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) (quotation and citation omitted). "Exceptions to the rule of nondisclosure will be made only where there is a 'particularized need.'" *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996); *accord United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) ("It is well-established that a showing of 'particularized need' is necessary before the court will accede to such a release."). Defendant has not made any showing of particularized need. Therefore, Defendant's motion is denied except to the extent the Government is required

to disclose such materials under the Jencks Act; Federal Rules of Criminal Procedure 12(h) and 26.2; and *Brady*, *Giglio*, and their progeny. *See United States v. Daniels*, 232 F. App'x 611, 612 (8th Cir. 2007) (per curiam) (no abuse of discretion in denying motion for grand jury transcripts given defendant's "failure to make any showing in support of his request for them"); *Broyles*, 37 F.3d at 1318.

6. Defendant's Motion for Early Disclosure of Jencks Act Material (ECF No. 23) is **GRANTED IN PART** and **DENIED IN PART**. Defendant's motion seeks discovery of all Jencks Act material and requests that the Government disclose such material at least two weeks before trial. The Government objects to Defendant's request for early disclosure and states that it will "voluntarily provide Jencks Act material it has not already disclosed no later than three days prior to trial so as not to delay the progress of trial, so long as [D]efendant agrees to do the same." (Gov't's Consolidated Resp. at 5.) At the hearing, Defendant agreed that any timing would be reciprocal.

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72

8

(8th Cir. 1996). Therefore, no less than three days before trial, the parties shall disclose Jencks Act materials.

7. Defendant's Motion for Discovery (ECF No. 24) is **GRANTED IN PART** and **DENIED IN PART**. Defendant has filed an omnibus motion for discovery. As discussed below, several of the items requested are addressed more specifically elsewhere in this Order. The Government objects to the motion to the extent Defendant seeks materials beyond the scope of Fed. R. Crim. P. 16 and the Jencks Act as well as *Brady*, *Giglio*, and their progeny. The Government states that it has already complied with its obligations under Rule 16 and has made all physical evidence available for inspection. The Government reiterates that it will honor its obligations under *Brady*, *Giglio*, and their progeny.

Paragraphs 1 through 6 seek materials subject to disclosure under Rule 16(a)(1) of the Federal Rules of Criminal Procedure. To the extent the discovery sought by Defendant seeks information that the Government has already produced, Defendant's motion is denied as moot. With the exception of expert materials discussed elsewhere, *see supra* ¶ 1 and *infra* ¶ 9, Defendant's motion is granted to the extent that any other responsive information subject to disclosure under Rule 16(a)(1) remains in the Government's control and has not yet been produced.

Paragraph 7 requests information regarding searches conducted in this matter. There appear to have been at least two search warrants obtained during the investigation of this matter. (Gov't's Consolidated Resp. at 8-9.) To the extent such information exists and has not been provided, Defendant's motion is granted.

Paragraph 8 requests information on co-conspirators and/or co-participants named or not named in the Indictment and known to the Government. There are no co-conspirators or co-defendants in this case and therefore Defendant's request is moot as to such individuals. As for any co-participants, information regarding these individuals shall be produced as set forth below with respect to Paragraphs 9 through 11, which seek information concerning witnesses in general.

Paragraphs 9 through 11 seek information regarding witnesses, both testifying and non-testifying. As a general matter, "[s]uppression by the prosecution of evidence favorable to the defense is a violation of due process." *United States v. Williams*, 577 F.3d 878, 882 (8th Cir. 2009) (citing *Brady*, 373 U.S. at 87). "Under *Brady*, the government must disclose any evidence both 'favorable to an accused' and 'material either to guilt or to punishment.'" *Whitehill*, 532 F.3d at 753 (quoting *Brady*, 373 U.S. at 87, 83). "*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." *Id.* (citations omitted). "Evidence favorable to the accused is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* (quotation omitted). To the extent that the Government is in possession of third-party evidence encompassed by *Brady*, the Government has represented that it is aware of its obligations under *Brady* (and its progeny). *See supra* ¶ 4. Such evidence is also within the scope of Defendant's Motion to Compel the Government to Disclose Evidence Favorable the Defendant. *Id.* Therefore, to the extent these requests seek the

disclosure of evidence encompassed by *Brady* and its progeny, these requests are denied as moot.

Similarly, to the extent these requests seek materials related to witnesses to be called at trial, such materials fall within the purview of the Jencks Act and Defendant's motion related thereto, *see supra* ¶ 6. 18 U.S.C. § 3500(a); *see* Fed. R. Crim. P. 16(a)(2). The Government has already agreed to disclose Jencks Act materials three days prior to trial. To the extent Defendant is requesting earlier disclosure, the Court cannot order the Government to do so. *See supra* ¶ 6. Therefore, this portion of these requests will be denied as moot as well.

As for remaining third-party materials, the statements of witnesses not to be called at trial are not discoverable. *United States v. Cole*, 453 F.2d 902, 905 (8th Cir. 1972); *accord Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2. *Miller* is also instructive. In *Miller*, a defendant requested "the case names and numbers of any trials or evidentiary hearings at which any cooperating witness has testified." 698 F.3d at 704 (internal quotation marks omitted). The district court denied the motion to the extent it sought "discovery prior to cross-examination of any cooperating witness at trial." *Id.* (internal quotation marks omitted); *see id.* at 702. The Eighth Circuit found no abuse of discretion, reasoning:

> Rule 16(a)(1)(E)(i) provides that, upon a defendant's request, the government must produce for inspection and copying documents "material to preparing the defense." In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial. *See* Pub. L. 94–64, § 3(23), 89 Stat. 370, 375; Rule 16 Advisory Committee Notes to the 1975 Enactment relating to Rules

11

> 16(a)(1)(E) and (b)(1)(C). Mr. Miller's pretrial discovery motion was a thinly-disguised attempt to learn through discovery who the government was likely to call as trial witnesses. The government properly objected, and the district court did not abuse its discretion by ordering the government to provide discovery "prior to cross-examination" of any cooperating witness at trial.

*Id.* at 704 (footnote omitted). Pursuant to *Hamilton*, *Cole*, and, by extension, *Miller*, Defendant is not entitled to the information requested concerning non-testifying individuals. Therefore, to the extent these requests encompass non-testifying individuals not addressed elsewhere, the requests are denied.

Paragraph 12 requests grand jury materials. This request is duplicative of Defendant's Motion for Disclosure of Grand Jury Transcripts. *See supra* ¶ 5. The request states, in its entirety: "The names and addresses of all persons who gave testimony before the Grand Jury which returned the indictment herein." As stated above, a defendant must show a particularized need for grand jury materials and Defendant has not made the requisite showing here. Therefore, this request is denied except to the extent the Government is required to disclose such materials under the Jencks Act; Federal Rules of Criminal Procedure 12(h) and 26.2; and *Brady*, *Giglio*, and their progeny. *See supra* ¶ 5.

Paragraph 13 and, to some extent, Paragraph 14 request information encompassed by Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant and Motion for Discovery of Impeaching Information and Exculpatory Evidence, *see supra* ¶ 4, and therefore are denied as moot. Defendant also "request[s] that the [C]ourt examine *in camera*[ the Government's] files for evidence

exculpatory to [D]efendant" as the parties "may differ in their opinions as to what constitutes exculpatory evidence." Defendant's argument is nothing more than a generic hypothetical and lacks any specific justification for such review. Defendant's request for *in camera* review is denied. *See United States v. Madrigal*, 152 F.3d 777, 782 (8th Cir. 1998).

Paragraphs 14 and 15 seek information regarding confidential informants and previous undercover operations. The Court is not aware of the use of either confidential informants or undercover operations in the investigation of this matter. "In *Roviaro v. United States*, the Supreme Court recognized the government's privilege to withhold the identity of a confidential informant." *United States v. Alcantar*, 271 F.3d 731, 739 (8th Cir. 2001) (citing 353 U.S. 53, 59 (1957)). In determining whether disclosure of an informant's identity is required, "the threshold issue is whether the informant is a material witness." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001). "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (footnote omitted). "In cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)); *accord United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) ("Consequently, disclosure is typically not required when the informant merely conveys information to the government but neither witnesses

nor participates in the offense." (quotations omitted)); *Alcantar*, 271 F.3d at 739 (government had no obligation to reveal informant's identity where informant did not participate in crime charged or testify at trial). Similarly, "the identity of a 'tipster' whose observations formed the basis for a search warrant but who is not a necessary witness to the facts is not subject to compulsion." *United States v. Hollis*, 245 F.3d 671, 674 (8th Cir. 2001).

To the extent Defendant seeks information regarding confidential informants the Government *does not* intend to call at trial, Defendant's motion is denied as Defendant has failed to meet his burden of demonstrating the need for disclosure of these individuals. *See Alcantar*, 271 F.3d at 739 ("A defendant must demonstrate the need for disclosure by establishing that the informant's identity is 'relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause.'" (quoting *Roviaro*, 353 U.S. at 60-61)). To the extent there are any confidential informants that the Government *does* intend to call at trial, the Government shall disclose the identities of such individuals and provide the requested information no later than seven days before trial. *See United States v. Cree*, No. 12-cr-26(4) (JRT/JSM), 2012 WL 6194395, at *5 (D. Minn. Dec. 12, 2012) (finding seven days' notice "appropriately balance[d] [defendant's] rights with the protection of the confidential informants").

Paragraph 16 requests "[r]eports, files, notes, photographs, tape recordings, and evidence gathered by confidential informants or government witnesses relating to the defendant and/or current indictment." This request is largely duplicative of materials requested elsewhere in this motion. To the extent there are responsive materials

involving confidential informants that are not otherwise covered in Defendant's discovery motions and the Government's obligations under federal law, the Court's ruling with respect to confidential informants shall govern the production of such materials.

Paragraph 17 requests, "[c]onsistent with [Fed. R. Crim. P.] 16(a)(1)(E)[,] . . . a statement describing in detail the methods and procedures used to identify the defendant and/or co-participants as the perpetrators of the offense alleged in the [I]ndictment . . . ." This request includes the names and addresses of individuals to whom photographs were exhibited or audio tapes played, when and where such presentations took place, and a listing of those individuals who positively identified Defendant and those who did not. The request also includes "[c]opies of all exhibits, or audiotapes played for the purpose of identification in connection with this case."

Rule 16(a)(1)(E) concerns the production of documents and objects, not the identification of potential witnesses. Accordingly, Defendant's request is granted with respect to "[c]opies of all exhibits, or audiotapes played for the purpose of identification in connection with this case." Defendant's request is otherwise denied.

In Paragraph 18, Defendant requests that all Jencks Act materials be produced no later than 20 days before trial. As previously discussed, the Government has offered to provide such materials no later than three days before trial and the Court cannot compel the Government to produce them earlier. *See supra* ¶ 6. This request is denied as moot.

Defendant also requests that the Court order the Government to

> promptly supply . . . any material ordered produced pursuant to this motion which comes into the possession, knowledge, or control of the [Government] subsequent to entry of the orders requested or during the course of the trial and further promptly advise . . . of the existence of any such materials should such knowledge be brought to the attention of the [Government].

The Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Fed. R. Crim. P. 16(c).[1] Defendant's request, however, is granted.

Finally, Defendant requests that the Court order the Government "to comply with the discovery order no later than three working days after the hearing date." Except as otherwise set forth in this Order, the Government shall provide the discovery ordered herein as soon as practicable.

8. Defendant's Motion for Notice of Government's Intent to Use Residual Hearsay Exception (ECF No. 26) is **GRANTED IN PART** and **DENIED IN PART**. Pursuant to Fed. R. Evid. 807, Defendant requests that the Government give notice at least 30 days before trial of its intent to offer any statement under the residual hearsay exception. The Government states Rule 807 requires "only 'reasonable notice,'" and proposes to provide such information no later than two weeks prior to trial.

Rule 807 provides that a residual hearsay "statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it." Fed. R. Evid. 807(b). The Government shall

---

[1] Defendant's request is made "pursuant to Rule 9.01." There is no "Rule 9.01" in the Federal Rules of Criminal Procedure.

provide notice and the required disclosures to Defendant no later than two weeks prior to trial.

9. Defendant's Motion for Discovery and Inspection of Expert Witness Testimony (ECF No. 27) is **GRANTED**. While the Government initially proposed expert disclosures be made no later than two weeks prior to trial, (Gov't's Consolidated Resp. at 7), the parties agreed to expert disclosures three weeks prior to trial at the hearing. No later than three weeks prior to trial, the parties shall make their respective expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

10. Defendant's Motion for Leave to File Additional Pretrial Motions (ECF No. 28) is **GRANTED**. Defendant seeks leave to file additional pretrial motions in the event that pending discovery "lead[s] to information presently unknown to the defense which provide the basis for action by the Court prior to trial." The Government has no objection to the motion.

11. Defendant's Motion for Participation by Counsel in Voir Dire (ECF No. 34) is **DENIED WITHOUT PREJUDICE**. Defendant requests that his counsel be permitted to participate in voir dire. "Jury voir dire is an aspect of trial procedure and management that is entirely within the discretion of the trial court." *United States v. Crown*, No. 07-cr-4313 (PJS/AJB), 2008 WL 783405, at *3 (D. Minn. Mar. 24, 2008); *see United States v. Dukes*, No. 15-cr-165(14) (JRT/LIB), 2015 WL 10382395, at *7 (D. Minn. Nov. 10, 2015) ("Counsel's participation in voir dire is a matter for the trial judge shortly before trial."), *adopting report and recommendation*, 2016 WL 829902 (D. Minn. Mar. 1, 2016). Accordingly, Defendant's motion is denied without prejudice. *United*

*States v. Jaunich*, No. 07-cr-328 (PAM/JSM), 2008 WL 114897, at *1 (D. Minn. Jan. 10, 2008) (motion for counsel to participate in voir dire should have been denied without prejudice "leaving the final decision on the participation of counsel in voir dire" to the district court).

12. All prior consistent orders remain in full force and effect.

13. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.


Date: September  13 , 2018                                    *s/ Tony N. Leung*
                                                              Tony N. Leung
                                                              United States Magistrate Judge
                                                              for the District of Minnesota


                                                              *United States v. Kontz*
                                                              Case No. 18-cr-125 (DSD/TNL)